```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

CARLTON HOOKER,

        Plaintiff,
v.                                   Case No.  8:11-cv-1230-T-33EAJ

ERIC K. SHINSEKI, SECRETARY,
DEPARTMENT OF VETERANS AFFAIRS,

        Defendant.
_____/

## ORDER

This matter comes before the Court pursuant to Pro Se Plaintiff Carlton Hooker's Motion to Consolidate the instant case with case number 8:10-cv-1482-T-33TBM (Atkinson, et al. v. Secretary, Department of Veterans Affairs), filed June 3, 2011. (Doc. # 3). For the reasons that follow, the Court denies the motion.

## I. Background

Hooker argues that the instant case and the Atkinson case should be consolidated based on various similarities between the two cases. (Doc. # 3 at 1). Hooker posits that both cases "are identical in scope which would justify consolidation of both cases." Id.

This Court recognizes that Hooker's case shares many of the same claims with the Atkinson case. Some of the parallel allegations include: retaliation, retaliatory hostile work environment, and threat of termination, suspension, reprimand,

and counseling.  (Doc. # 1 at 4).  (<u>Atkinson</u>, Doc. # 1 at 4).

## II. <u>Legal Standard</u>

The Court begins its assessment of Hooker's argument by consulting Fed. R. Civ. P. 42(a) which describes a district court's authority to consolidate actions.  Rule 42(a) reads:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. Rule 42(a)

This rule delineates the inherent power and discretion of the district court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  <u>Hendrix v. Raybestos-Manhattan, Inc.</u>, 776 F.2d 1492, 1495 (11th Cir. 1985)(citing <u>In re Air Crash Disaster at Fla. Everglades</u>, 549 F.2d 1006, 1012 (5th Cir. 1977)).

A district court's decision under Rule 42(a) is discretionary.  In exercising its discretion, the court must determine:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Hendrix, 776 F.2d at 1495 (citing Arnold v. E. Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982))(alteration in original).  The Rule "is permissive and vests a purely discretionary power in the district court." Hendrix, 776 F.2d at 1495.

### III. Analysis

The plaintiffs in Atkinson brought their original complaint on July 1, 2010.  Hooker, on the other hand, filed his complaint on June 3, 2011.  Although many of the legal issues presented are identical, Hooker's case has not developed to the extent to which the Atkinson case has evolved from a procedural standpoint.  Compared with Atkinson, Hooker's case is nascent.

Specifically, in <u>Atkinson</u>, the plaintiffs successfully served the Secretary with process, thereafter, filed an Amended Complaint, and the Secretary has filed his Answer and Affirmative defenses. (<u>Atkinson</u>, Doc. # 6-9, 17, 21). In addition, the parties in <u>Atkinson</u> filed their Case Management Report, and the Court issued a Case Management and Scheduling Order setting the case for a jury trial during the March 2013, trial term. (<u>Atkinson</u> Doc. # 21, 22). In addition, a mediation conference is set to take place in the <u>Atkinson</u> case on September 9, 2011. (Doc. # 26).

In comparison, Hooker's case is in its preliminary stages. Only the Complaint (Doc. # 1), Summons (Doc. # 2), and the present Motion to Consolidate (Doc. # 3) have been filed. To date, the Defendant has not been served with process, illustrating the incipient stage of Hooker's case. If Hooker's case were consolidated with <u>Atkinson</u>, rather than promote judicial efficiency and judicial economy, it may accomplish the opposite. The proposed consolidation is not in

the best interest of the parties or the Court. Because the Atkinson case has been set for mediation and trial, consolidation with Hooker's case would likely cause delay and inconvenience for the parties in Atkinson.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Carlton Hooker's Motion to Consolidate the instant case with Case Number: 8:10-cv-1482-T-33TBM  (Doc. # 3) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 5th day of July, 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record