```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

CARLTON HOOKER,

        Plaintiff,
v.                              Case No.  8:11-cv-1230-T-33EAJ

ERIC K. SHINSEKI, SECRETARY, DEPARTMENT OF VETERANS AFFAIRS,

        Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Pro Se Plaintiff Carlton Hooker's "New Motion for Summary Judgment on the Basis that the Plaintiff's Previous Motion for Impeachment, and Motion for Summary Judgment was Unopposed by the United States of America, Along with Other Mitigating Factors not Seen by the Presiding Judge . . . to Include a Justifiably Reversible Error Denying Plaintiff's First Motion for Summary Judgment" (Doc. # 24), which was filed on September 18, 2011.  The Court construes the Motion as a Motion for Reconsideration and denies the Motion.

**I.**  **Legal Standard**

As stated in <u>Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc.</u>, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision

and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Fla. College of Osteopathic Med., Inc., 12 F. Supp. 2d at 1308.  Further, as explained in Ludwig, 2005 U.S. Dist. LEXIS 37718, at *8, "This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." Id. at 9-10.  In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id. at 11. (citation omitted).

**II. Analysis**

On August 30, 2011, Hooker filed a "Motion for Impeachment Against Robert C. Shogren Under Article II, Section V of the U.S. Constitution and Motion for Summary

2

Judgment in Accordance with Rule 56 of the Federal Rules of Civil Procedure." (Doc. # 20). On August 31, 2011, without waiting for the Government's response, the Court denied the Motion. (Doc. # 21). The present "Second" Motion is essentially a motion for reconsideration of the Court's August 31, 2011 Order denying Hooker's initial Motion. Hooker contends that it was error for the Court to address his initial Motion without waiting 14 days for the Government to file a response in opposition to that Motion. He concludes that his initial Motion was "unopposed" because it was addressed without a response.

Hooker's argument is flawed. Although the Local Rules direct parties to file their responses to motions, such as Hooker's initial Motion, within 14 days, there is nothing in the Local Rules or the Federal Rules of Civil Procedure barring the Court from deciding such motions prior to a response being filed. In this case, the Court was able to address the merits of the initial Motion without a response, and it was appropriate for this Court to do so.[1] In addition,

---

[1] The "Second" Motion, construed as a motion for reconsideration, is also poised for disposition without the need for a responsive submission. It would be an exercise in futility to require the Government to respond to the Motion, as the Motion is completely lacking in merit.

3

the Court's decision to address the Motion prior to hearing from the Government does not convert the Motion into an unopposed motion.

Hooker presents no other cogent arguments in his "Second" Motion.  He attempts to relitigate issues already decided by the Court in the Order denying the initial Motion. Hooker does not assert that there has been an intervening change in the law and presents no new evidence. Hooker has also failed to demonstrate that reconsideration is required to prevent manifest injustice.  Accordingly, the Court denies the Motion for Reconsideration.

In addition, this Court takes the opportunity to remind Hooker that a pro se litigant is subject to the same laws and rules of court as a litigant who is represented by counsel. See Moon v. Newsome, 863 F.2d 835 (11th Cir. 1989).  This Court has granted Hooker the privilege of registering as an e-filer, and Hooker has been issued a CM/ECF account. (Doc. # 22).

Nevertheless, the Court reminds Hooker that all filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida.  The Local Rules are available for review on the internet website

of the Middle District of Florida (www.flmd.uscourts.gov). Hooker shall not correspond with the Court via letter. All documents pertaining to this case must be filed with the Court in the form of a pleading or a motion. Fed.R.Civ.P. 7. Each pleading, motion, notice, or other paper shall be presented in a separate document. Local Rule 1.05 sets forth the format for all Court filings, and requires all filings to include the caption for the case. Local Rule 1.07 requires that a copy of each Court filing be served on the opposing party.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Hooker's "New Motion for Summary Judgment on the Basis that the Plaintiff's Previous Motion for Impeachment, and Motion for Summary Judgment was Unopposed by the United States of America, Along with Other Mitigating Factors not Seen by the Presiding Judge . . . to Include a Justifiably Reversible Error Denying Plaintiff's First Motion for Summary Judgment" (Doc. # 24) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 28th day of September, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

5

Copies: All Counsel and Parties of Record