UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CARLTON HOOKER,**

    **Plaintiff,**

v.                                                                          Case No.: 8:11-CV-1230-T-33EAJ

**ERIC K. SHINSEKI,**
**Secretary of Veterans Affairs,**

    **Defendant.**

_____/

### REPORT AND RECOMMENDATION

Before the Court are Defendant's **Motion for Sanctions for Failure to Comply with a Court Order** (Dkt. 71), Plaintiff's **Response** (Dkt. 72), Defendant's **Supplemental 3.01(g) Certification** (Dkt. 73), and Plaintiff's **Response** (Dkt. 74). Oral argument was held on October 16, 2012. For the reasons stated below, it is recommended that the motion be granted.

Eric K. Shinseki, Secretary, Department of Veterans Affairs ("Defendant") requests that this case be dismissed pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) for Plaintiff Carlton Hooker's ("Plaintiff's") failure to comply with the Court's July 30, 2012 order compelling Plaintiff to provide answers to interrogatories. (Dkt. 66)  The discovery deadline was October 1, 2012, and trial is set for the August 2013 term. (Dkt. 14)

### Background

On June 3, 2011, Plaintiff brought this action against Defendant alleging that Defendant has engaged in a pattern, practice and culture of retaliation and a retaliatory hostile work environment in violation of Title VII of the Federal Civil Rights Act, 42 U.S.C. § 2000e et seq. and seeks damages and injunctive relief. (Dkt. 1)  Defendant formerly employed Plaintiff as a police officer

with Bay Pines V.A. Police Service.

On February 24, 2012, Defendant served Plaintiff with Defendant's First Set of Interrogatories. Plaintiff provided his responses on March 20, 2012. On June 22, 2012, Defendant filed a motion asking the Court to overrule Plaintiff's legally baseless and unsupported objections and to compel Plaintiff to provide answers to the interrogatories (Dkt. 58), which the Court granted on July 30, 2012. (Dkt. 66) The Court found Defendant's First Set of Interrogatories relevant to Plaintiff's claims and ordered him to fully respond to the interrogatories. (Id.)

In his first amended responses served on August 11, 2012, Plaintiff disregarded the Court's order and provided Defendant with further objections and inadequate and non-responsive answers. (Dkt. 71 Ex. 1) As the interrogatories ask Plaintiff for information regarding his allegations in his complaint, Defendant maintains that Defendant has been unable to adequately prepare a defense to Plaintiff's claims.

At the October 16, 2012 hearing, the Court found that Plaintiff's explanations for failing to provide the discovery were without merit, but deferred ruling on the sanctions motion and gave Plaintiff one final opportunity to provide Defendant with full and complete answers to the interrogatories. (Dkt. 87) As directed, Plaintiff provided the Court's chambers with a courtesy copy of his second amended answers to the interrogatories.[1]

## Analysis

Federal Rule of Civil Procedure Rule 37(b)(2) grants the court broad authority in sanctioning a party for failure to comply with a court order to provide discovery, including dismissing the case

---

[1] Since discovery is not typically filed with the Court, see Local Rule 3.03(d), M.D. Fla., the Clerk is directed to file Plaintiff's second amended answers to interrogatories in camera.

in whole or in part. Gratton v. Great Am. Commc'n, 178 F.3d 1373, 1374 (11th Cir. 1999) (per curiam). Dismissal with prejudice is the most severe Rule 37 sanction, but it may be appropriate when a plaintiff's recalcitrance is due to willful conduct, bad faith, or fault. Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993). A court may dismiss a complaint as a last resort when there is a willful or bad faith failure to obey a discovery order and less drastic sanctions would not ensure compliance with the court's orders. Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993). A court is not required to first impose lesser sanctions when lesser sanctions would be ineffective. Id. at 1544; see also United States v. One 32' Scorpion Go-Fast Vessel, 339 F. App'x 903, 905 (11th Cir. 2009) (per curiam).

In his second amended responses, Plaintiff again provides inadequate and non-responsive answers to several of the interrogatories. For example, Interrogatories Nos. 4, 5, and 7 request Plaintiff to identify and explain the instances in which someone at Bay Pines engaged in various unlawful conduct as alleged in Paragraph 6 of the complaint and to provide the names, address, and telephone numbers of the employees involved. Interrogatory No. 6 requests Plaintiff to identify the required procedural requirements for disciplinary actions that he alleges were not followed, how the procedural requirement was not followed, and who failed to follow it. In response to Interrogatories Nos. 4 through 7, Plaintiff states that Defendant possesses the information requested. Specifically, he states that:

> Without waving previous objection, or answer, the Plaintiff hereby asserts that he obtained the information requested from another case currently in federal court, under USDC Case #8:10-cv-01482-MSS-TBM, for which the attorneys for that case have first hand knowledge of these same allegations based on the undisputed material fact, that they won that very court case, for which the facts from my General Allegation #6 are identical to the allegations made by the counsel for the Plaintiff's [sic] in the Atkinson Case. It is based on the Plaintiff's information and belief that the answers to this allegation was derived from the following case, (Cote et al, versus

      Eric K. Shinseki, Secretary, Dept of Veterans Affairs, USDC Case #8:07-cv-1524-T-TBM), in which the specific information to support this allegation is already in the possession of both Counsel for the Defendant, as well as counsel for the Plaintiff's [sic] in the Atkinson Case.

      Additionally, Interrogatory No. 11 requests Plaintiff to list items of expenses and damages. Instead, Plaintiff: (1) invokes his attorney/client privilege with respect to an attorney assisting him with his home loan through Bank of America; (2) refers to his unemployment; and (3) raises his First Amendment right of freedom of religion.

      At the October 16, 2012 hearing, the Court admonished Plaintiff that he was to provide all information available to him when he filed the complaint in answering the interrogatories and was to refrain from asserting objections or referring to other cases. The Court explained to Plaintiff that he has a basic obligation to provide the information supporting the allegations of his complaint.

      Plaintiff has been warned on multiple occasions that his pro se status does not relieve him from complying with the Federal Rules of Civil Procedure and this Court's Local Rules and that he may be assessed sanctions, either monetary or non-monetary. (Dkts. 33, 36, 65, 67, 87) Specifically, the Court warned Plaintiff at the October 16, 2012 hearing and in the Court's written order that he is in jeopardy of having his complaint dismissed or other sanctions imposed due to his failure to comply with the order compelling discovery and discovery rules. (Dkt. 87)

      Despite these warnings, Plaintiff repeatedly disregarded the Court's orders compelling his discovery responses. The Court finds that Plaintiff's failure to comply with his discovery obligations is willful. Defendant has been unfairly prejudiced in its ability to adequately prepare a defense as a result of Plaintiff's refusal to provide responsive answers to the interrogatories and obstruction of the discovery process. For instance, Defendant is unable to identify or depose the employees who allegedly engaged in unlawful conduct because Plaintiff refuses to provide

Defendant with the names of these individuals.

The discovery deadline was October 1, 2012. Extending the discovery deadline would be futile due to Plaintiff's pattern of willful noncompliance with the Court's orders and his discovery obligations. The Court docket reflects that, prior to and after the October 16, 2012 hearing, Plaintiff filed numerous motions, most of which have been stricken for procedural violations or denied for lack of merit. Clearly, Plaintiff has not been deterred from prior warnings about the necessity of complying with rules, discovery requests, and court orders.

Based on a review of the docket and Plaintiff's willful failure to comply with this Court's orders, lesser sanctions would be ineffective in obtaining the information to which Defendant is entitled. Accordingly, the Court recommends that Plaintiff's complaint be dismissed.

## Conclusion

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1) Defendant's Motion for Sanctions for Failure to Comply with a Court Order (Dkt. 71) be **GRANTED**;

(2) this action be **DISMISSED** pursuant to Rule 37(b)(2), Fed. R. Civ. P., for Plaintiff's willful failure to comply with discovery orders; and,

(3) the Clerk of the Court be directed to close the file and terminate all pending motions.

**Dated: November 26, 2012**.

_____
ELIZABETH A JENKINS
United States Magistrate Judge

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:
Pro se Plaintiff
Counsel of Record
District Judge