UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLTON HOOKER,

    Plaintiff,

v.                          Case No. 8:11-cv-1230-T-33EAJ

ERIC K. SHINSEKI,
Secretary, Department of
Veterans Affairs,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to the November 26, 2012, Report and Recommendation of Elizabeth A. Jenkins, United States Magistrate Judge (Doc. # 114), in which Judge Jenkins recommends that Defendant's Motion for Sanctions for Failure to Comply with a Court Order (Doc. # 71) be granted and that this action be dismissed pursuant to Rule 37(b)(2), Fed.R.Civ.P., due to Plaintiff Carlton Hooker's willful failure to comply with discovery orders. Specifically, Judge Jenkins concluded that "[b]ased on a review of the docket and Plaintiff's willful failure to comply with this Court's orders, lesser sanctions would be ineffective in obtaining the information to which Defendant is entitled." (Doc. # 114 at 5). Plaintiff filed timely

objections to the Report and Recommendation on November 28, 2012. (Doc. # 115).

After careful consideration and being fully advised in the premises, the Court adopts the Report and Recommendation of the Magistrate Judge and overrules the filed objections.

**Discussion**

A district judge may accept, reject or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  In the absence of specific objections, there is no requirement that a district judge review factual findings de novo, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations.  28 U.S.C. § 636(b)(1)(C).  The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

Upon due consideration of the entire record, including the Report and Recommendation and Plaintiff's objections thereto, the Court overrules the objections, adopts the Report

and Recommendation, grants Defendant's Motion for Sanctions for Failure to Comply with a Court Order (Doc. # 71), and dismisses this action pursuant to Rule 37(b)(2), Fed.R.Civ.P., due to Plaintiff's willful failure to comply with the Court's discovery orders.

The Court acknowledges that Plaintiff takes issue in particular with Judge Jenkins's statement that "Defendant is unable to identify or depose the employees who allegedly engaged in unlawful conduct because Plaintiff refuses to provide Defendant with the names of these individuals." (Doc. # 114). Plaintiff refers the Court to his response to Interrogatory No. 8, in which he does indeed list the names of five individuals (and minimal contact information for three of them), each of whom is previously mentioned in some form in the Complaint. (Doc. # 115 at 4; Doc. # S-1; Doc. # 1 at ¶¶ 1, 2, 11-13). However, Plaintiff's response to Interrogatory No. 8 also states that "Additional information has been or will be obtained by Counsel for the Defendant from the Attorney's (sic) for each plaintiff of Case Number 8:10-cv-1482-T33-TBM, in which it is the Defendant who asked this interrogatory question as alleged." (Doc. # S-1)[1].

---

[1] Because discovery is not typically filed with the Court pursuant to Local Rule 3.03(d), M.D. Fla., in accordance
(continued...)

Thus, as with Plaintiff's other interrogatory responses detailed by Judge Jenkins, Plaintiff's response to Interrogatory No. 8 is ambiguous and inadequate, because Plaintiff does not provide or describe what this additional information consists of (such as whether or not it includes other employees who allegedly engaged in unlawful conduct), but instead directs Defendant's counsel to obtain this unspecified additional information from counsel for the plaintiffs in another case currently pending against Defendant. Thus, the Court finds that Plaintiff's answer to Interrogatory No. 8 is only minimally responsive, and, in light of Plaintiff's many other deficient discovery responses and failures to comply with Court orders detailed by Judge Jenkins, does not provide a basis for rejecting the Report and Recommendation.

The Court agrees with Judge Jenkins's detailed and well-reasoned findings of fact and conclusions of law, including Judge Jenkins's conclusion that dismissal of the case is appropriate because lesser sanctions would not ensure compliance with the Court's orders. The Report and

---

[1](...continued)
with the Magistrate Judge's instructions, Plaintiff filed his second amended answers to Defendant's interrogatories <u>in camera</u>.

Recommendation thoughtfully addresses the issues presented and Plaintiff's objections do not provide a basis for rejecting the Report and Recommendation.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Report and Recommendation of Elizabeth A. Jenkins, United States Magistrate Judge (Doc. # 114), is **ACCEPTED** and **ADOPTED.**

(2) Defendant's Motion for Sanctions for Failure to Comply with a Court Order (Doc. # 71) is **GRANTED.**

(3) This case is **DISMISSED** pursuant to Rule 37(b)(2), Fed.R.Civ.P., due to Plaintiff's willful failure to comply with discovery orders.

(4) The Clerk is directed to terminate all pending deadlines and motions, and, thereafter, close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>6th</u> day of December, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record