UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLTON HOOKER,

        Plaintiff,

v.

                            Case No. 8:11-cv-1230-T-33EAJ

ERIC K. SHINSEKI, SECRETARY,
DEPARTMENT OF VETERANS AFFAIRS,

        Defendant.
_____/

**ORDER**

Pro se Plaintiff Carlton Hooker filed his "Third Supplemental Motion to Strike Final Judgment on a Closed Case, in which the Defendant Failed to Heed the Warning of the Court Acknowledging that this Case was Closed" (Doc. # 127) on February 20, 2013. The Court denies the Motion as follows.

**Discussion**

Mr. Hooker filed this discrimination action against the VA, his former employer, on June 3, 2011. (Doc. # 1). On December 6, 2012, this Court adopted the Report and Recommendation of the Magistrate Judge (Doc. # 114) by granting the VA's Motion to Dismiss this action as a sanction pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure. (Doc. # 116). Among other findings, this Court determined that "dismissal of the case is appropriate because lesser sanctions would not ensure compliance with the Court's orders." Id. at 4. That Order directed the Clerk to close the

case. Id. at 5.

On January 7, 2013, the VA moved the Court for the entry of final judgment pursuant to Rule 58(d) of the Federal Rules of Civil Procedure. (Doc. # 117). On January 28, 2013, the Court granted the VA's Motion by directing the Clerk to enter Judgment reflecting the disposition of the case. (Doc. # 118). The Court granted the VA's Motion as an unopposed Motion because Mr. Hooker failed to file a response in opposition to the Motion within 14 days as directed by the Court's Local Rules. On January 29, 2013, the Clerk entered its Final Judgment in Civil Case in favor of the VA. (Doc. # 119).

On February 13, 2013, Mr. Hooker filed his first Motion to Strike the Final Judgment. (Doc. # 120). He asserted that the Final Judgment was improper because, in seeking the final judgment, the VA failed to comply with Local Rule 3.01(g). Mr. Hooker also asserted that the Court should not have entered any orders because the case had been closed. On February 13, 2013, this Court entered an Order denying the Motion to Strike after finding that Mr. Hooker failed to state a legitimate basis for striking the Final Judgment. (Doc. # 122).[1] On that same day, Mr. Hooker filed his "Supplemental"

---

[1] The Court takes the opportunity to explain that motions and orders are routinely filed in closed cases, and that this

Motion to Strike repeating his previously asserted arguments. (Doc. # 123). The Court denied Mr. Hooker's "Supplemental" Motion to Strike. (Doc. # 124). On February 19, 2013, Mr. Hooker filed his "Second supplemental" Motion to Strike (Doc. # 125), which this Court denied on February 20, 2013. (Doc. # 126). The Court's February 20, 2013, Order states: "Once again, the Court denies the Motion for the reasons stated in its prior Orders [122], [124]. Any further Motions to Strike filed by Mr. Hooker will not be considered and will be immediately stricken from the record. In addition, if Mr. Hooker files another Motion to Strike, the Court will permanently revoke his e-filer status." (Doc. # 126).

Mr. Hooker failed to abide by the Court's warning and filed this "Third Supplemental" motion to strike, which is his fourth Motion to Strike the Court's entry of Judgment in favor of the VA. (Doc. # 127). Although the Court previously indicated that it would not consider any further motions to strike, the Court will consider the instant Motion to Strike to address Mr. Hooker's concerns.

Mr. Hooker remarks that the Court has "exhibited extreme

---

Court did not lose the power to enter an order, such as the order granting the Motion for Final Judgment, simply because the case was closed.

3

bias, and cognizable misconduct towards the Plaintiff in a demonstrably egregious, hostile, and threatening manner in Hooker Document 126." (Doc. # 127 at 1).

The Court does not have even the slightest negative bias against Mr. Hooker. The Court has administered this case neutrally and consistently with the Federal Rules of Civil Procedure and other governing law. Furthermore, the Court has patiently and appropriately considered Mr. Hooker's pro se submissions, even when he has tendered the same motions up to ten times in a row. (Doc. # 51). As with his previous motions to strike, the Court denies the present Motion to Strike as unavailing. The Court has explained that it was appropriate to consider the VA's Motion for Final Judgment even though the case was closed. The Court also rejects Mr. Hooker's contentions regarding the VA's compliance with Local Rule 3.01(g). Even assuming that the VA failed to supplement its Local Rule 3.01(g) certificate after the VA filed its Motion for Final Judgment, Mr. Hooker's argument is without merit because Mr. Hooker has been granted permission to e-file using the Court's cm/ecf system. He was provided notice of the Motion for Final Judgment and he failed to file a response to the Motion for Final Judgment. The Court waited for 21 days after receiving the Motion for Final Judgment to enter an

4

Order on the Motion. Mr. Hooker did not respond to the Motion within the window of time allotted by the Local Rules.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Mr. Hooker's "Third Supplemental Motion to Strike Final Judgment on a Closed Case, in which the Defendant Failed to Heed the Warning of the Court Acknowledging that this Case was Closed" (Doc. # 127) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 25th day of February, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel and Parties of Record

5